UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD ROQUE,                          :
           Plaintiff,            :
                                        :                          PRISONER
       v.                               :          CASE NO. 3:11-cv-1841 (SRU)
                                          :
FRANK A. IANOTTI,                        :
           Defendant.            :

INITIAL REVIEW ORDER

      Plaintiff Richard Roque, currently incarcerated at the Willard-Cybulski Correctional

Institution in Enfield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).

He names as defendants Judge Frank A. Ianotti, Judge Jane B. Emons, Judge Eddie Rodriguez,

Jr., State's Attorney Mark Durso, Commissioner of Correction Leo Arnone, Attorney General

George Jepsen and Attorney Jean Zingaro.[1]  Roque seeks compensatory and punitive damages in

the amount of $5,000,000.00.

      Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and

dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon

which relief may be granted, or that seeks monetary relief from a defendant who is immune from

such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the

allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the

---

[1]Roque includes defendant Arnone but not defendant Jepsen in the case caption and
defendant Jepsen but not defendant Arnone in the listing of defendants in the body of the
complaint.  The court will consider possible claims against all defendants.

claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.    Allegations

Roque alleges that, on June 13, 2010, he was arrested and charged with violation of probation, larceny in the third degree and interfering with a police officer.  In January 2011, the violation of probation was terminated.  On March 15, 2011, Roque was scheduled for a violation of probation hearing based on the other two charges.  On May 5, 2011, defendant Judge Emons sentenced Roque to three years' imprisonment.

Roque alleges that, on July 14, 2011, he returned to court for a second trial on the same charges.  He contends that defendant Judge Rodriguez withheld transcripts that would have shown the larceny charge had been dismissed.  Roque states that being charged twice for the same offenses violates his right to be free from double jeopardy.  He also references consecutive sentences of 4½ years.

Roque's allegations can be clarified by an examination of public court records.  On June 24, 2009, Roque was arrested and charged with larceny in the sixth degree.  In December 2009, Roque was sentenced to a term of imprisonment of five years, execution suspended after six

months, followed by three years' probation.  As a result of his June 13, 2010 arrest, Roque was

charged with violation of probation and, on May 5, 2011, was sentenced to a three-year term of

imprisonment.  Also as a result of the June 13, 2010 arrest, Roque, under the name Richard

Rogue, entered a guilty plea to a charge of interfering with an officer/resisting arrest.  He was

sentenced on July 14, 2011, to a term of imprisonment of one year.  Roque was represented by

Attorney Zingaro in both proceedings.  *See* No. F02B-CR10-0250538-S and No. F02B-CR09-

024285-S at www.jud2.ct.gov/crdockets (last visited Sept. 28, 2012).

II.    Analysis

      A.    Defendants Ianotti, Emons and Rodriguez

        Defendants Ianotti, Emons and Rodriguez are state court judges.  Although he references

Judges Emons and Rodriguez, Roque does not mention Judge Ianotti in his statement of facts.

As state court judges, defendants Ianotti, Emons and Rodriguez are immune from suit, not just

from the ultimate assessment of damages.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This

immunity applies "however erroneous the act may have been, and however injurious in its

consequences it may have proved to the plaintiff."  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.

1994) (citations and internal quotation marks omitted).  Judicial immunity is overcome in only

two situations.  A judge is not immune from suit for actions not taken in his or her judicial

capacity or for actions that are judicial in nature but taken in the absence of all jurisdiction.  *See*

*Mireles*, 502 U.S. at 11 (citations omitted).

        Roque alleges no facts identifying any actions taken by Judge Ianotti.  All allegations

regarding Judges Emons and Rodriguez concern two criminal proceedings.  Roque has not

identified any actions that exceeded judicial capacity.  Thus, the three judges are absolutely

immune from suit and all damages claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

B.     Defendant Durso

Defendant Durso is a state prosecutor.  A prosecutor is protected by absolute immunity from a section 1983 action seeking damages "for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). Roque does not mention defendant Durso in his statement of facts.  The court assumes that defendant Durso was the prosecutor in the two criminal proceedings.  Thus, any possible actions taken by defendant Durso were taken during the prosecution of criminal actions and his actions are protected by absolute immunity.  All claims for damages against defendant Durso are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

C.     Defendant Zingaro

Defendant Zingaro is a private attorney who represented the plaintiff at the criminal proceedings.  To state a section 1983 claim, Roque must allege that his constitutional or federally protected rights were violation by a person acting under color of state law.  A person acts under color of state law when he exercises "some right or privilege created by the State . . . or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. *See Polk County v. Dodson*, 454 U.S. 312, 319 (1981).  A private attorney, however, may be liable under section 1983 if he conspired with state actors. *See Dennis v. Sparks*, 499 U.S. 24, 27-28 (1980) (holding that private attorney may be considered

4

state actor if she conspires with state official to deprive plaintiff of constitutional rights).  A close examination of the complaint reveals that Roque has alleged no facts from which a conspiracy could be inferred.  All claims against defendant Zingaro are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

      D.     <u>Defendants Arnone and Jepsen</u>

Roque's claims concern a criminal matter.  All criminal matters in Connecticut are handled by the Office of the Chief State's Attorney.  The Attorney General has jurisdiction only over civil matters.  *See Mobil Oil Corp. v. Killian*, 30 Conn. Supp. 87, 98, 301 A.2d 562, 568 (Conn. Super. Ct. 1973).  The court can discern no involvement of Attorney General Jepsen in this action.  Accordingly, all claims against him are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Similarly, defendant Arnone is the Commissioner of the Connecticut Department of Correction.  None of Roque's claims concern the conditions of his confinement.  Although Commissioner Arnone could be named as the respondent in a habeas corpus action, the court will not, as explained below, construe the complaint as a petition for writ of habeas corpus.  All claims against defendant Arnone also are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

      E.     <u>Challenge to Conviction</u>

Finally, even if Roque had named proper defendants, his claim is not cognizable.  The Supreme Court has held that an inmate cannot challenge a conviction or the length of his sentence through a damages action, thereby circumventing the procedural limitations of the federal habeas corpus statute.  *See Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  Success on Roque's claims would necessarily call into

question the validity of his conviction and sentence.  The Supreme Court has held that, if a decision in the prisoner's favor would call into question the validity of his conviction or the length of his sentence, the prisoner may not bring an action for damages until he has successfully challenged his conviction in state court or a federal court has granted a petition for writ of habeas corpus in his favor.  *See Heck*, 512 U.S. at 486-87.

The court will not construe this action as a petition for writ of habeas corpus.  Roque does not indicate that he raised this challenge to his conviction before the Connecticut Supreme Court. Thus, the court cannot ascertain whether he exhausted his state court remedies, a prerequisite to filing a petition for writ of habeas corpus in federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 12th day of October 2012, at Bridgeport, Connecticut.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

6